1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERICK DONTAY GRAYSON,                    No.  1:24-cv-00534-SKO (HC)

12                    Petitioner,             **ORDER DIRECTING CLERK OF COURT
                                              TO ASSIGN DISTRICT JUDGE**
13           v.
                                              **FINDINGS AND RECOMMENDATION
14                                            TO SUMMARILY DISMISS PREMATURE
     CALIFORNIA DEPARTMENT OF                 PETITION**
15   CORRECTIONS,
                                              **[TWENTY-ONE DAY OBJECTION
16                    Respondent.             DEADLINE]**

17

18           Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant habeas petition on

20   May 6, 2024, challenging his 2020 conviction in Kern County Superior Court of forcible rape and

21   kidnapping.  Because the petition is premature, the Court will recommend it be DISMISSED.

22                                       **DISCUSSION**

23   A.      Preliminary Review of Petition

24           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                               1

1   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

2   2001).

3   **B.     Premature Petition**

4          Petitioner was convicted in the Kern County Superior Court on July 16, 2020, of forcible

5   rape and kidnapping.  (Doc. 1 at 1.)  He appealed to the California Court of Appeals and then to

6   the California Supreme Court.  (Doc. 1 at 2.)  On March 22, 2023, the California Supreme Court

7   granted the petition and remanded the case to the trial court for resentencing. (Doc. 1 at 2.)  After

8   Petitioner was resentenced in the trial court, he filed an appeal challenging the resentencing.

9   (Doc. 1 at 12.) Petitioner states the appeal is currently pending. (Doc. 1 at 12.)

10         It is premature for this court to review Petitioner's collateral attack on his conviction

11  because direct review is still ongoing and there is no final judgment. A federal court's jurisdiction

12  to review the merits of a habeas petition commences, in pertinent part, on "the date on which the

13  judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

14         Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state

15  criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention

16  prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing

17  state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate

18  opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v.

19  Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

20         The Younger criteria are satisfied here. First, the appeal of Petitioner's resentencing is still

21  pending. Notwithstanding the fact that Petitioner's appeal concerns resentencing, the judgment is

22  not final. The Supreme Court has stated: "'Final judgment in a criminal case means sentence. The

23  sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v.

24  United States, 302 U.S. 211, 212 (1937)). Second, resentencing proceedings implicate an

25  important state interest in enforcing criminal laws without federal interference. See Kelly v.

26  Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice

27  systems free from federal interference is one of the most powerful of the considerations that

28  should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-

2

45). Finally, the California state courts provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention.

The Court also notes that "courts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL 4341595, at *4 (C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020); Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of motion for stay and dismissal of federal habeas petition due to pending state appeal for resentencing); adopted, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95), adopted, 2020 WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); adopted, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

Based on the foregoing, the Court recommends that this action be dismissed without prejudice as premature and barred by Younger.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED WITHOUT PREJUDICE as premature.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 8, 2024**                                  */s/ Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4